UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:25-cv-02726-MWC-PVC                                    Date: May 23, 2025

Title   Matthew Kenney v. Bank of America, N.A.

Present: The Honorable:   Michelle Williams Court, United States District Judge

| T. Jackson | Not reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  Order GRANTING Defendant's motion to dismiss (Dkt. 12) and DENYING Plaintiff's motion to remand (Dkt. 18)**

Before the Court are two motions.  First, Defendant Bank of America, N.A. ("BoFA") filed a motion to dismiss.  Dkt. # 12 ("*MTD*").  Plaintiff Matthew Kenney ("Plaintiff") opposed, Dkt. # 16 ("*MTD Opp.*"), and Defendant replied, Dkt. # 21 ("*MTD Reply*").  Second, Plaintiff filed a motion to remand.  Dkt. # 18 ("*MTR*").  Defendant opposed, Dkt. # 24 ("*MTR Opp.*"), and Plaintiff replied, Dkt. # 25 ("*MTR Reply*").  The Court finds the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  Having considered the moving, opposing, and reply papers, the Court **GRANTS** Defendant's motion to dismiss and **DENIES** the motion to remand.

I.  Background

　　A.  Factual Background

This case involves an underlying embezzlement scheme allegedly committed by Plaintiff's former employee, Matthew Bronfeld ("Bronfeld").  *See* Dkt. # 1-1 ("*Compl.*"), ¶¶ 12–36.  The Complaint alleges:

Plaintiff is a business owner who "operates" more than thirty Bank of America accounts "for individual purposes, business banking, and the banking of affiliated entities."  *Id.* ¶¶ 10, 12.  Bronfeld exercised complete control over Plaintiff's business accounts without Plaintiff's consent.  *Id.* ¶ 15.  Through a series of transactions (including wire transfers, ACH payments, cash withdrawals, debit card transactions, countless money transferring transactions, and Zelle transactions), Bronfeld

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-02726-MWC-PVC                                           Date: May 23, 2025

Title      Matthew Kenney v. Bank of America, N.A.

misappropriated millions of dollars that Plaintiff believed to be protected by Defendant. *Id.* ¶ 16. Defendant's internal controls were so deficient that Bronfeld altered credentials, redirected debit card functions, and issued bank statements that facilitated the fraudulent transfers. *Id.* ¶ 17. Despite being alerted of the fraud, Defendant failed to remove Bronfeld's information from many of Plaintiff's accounts, which led some of Defendant's email correspondence to go to Bronfeld's old email address instead of Plaintiff's email. *Id.* ¶ 18. Although Plaintiff changed the account credentials on multiple occasions, Defendant has repeatedly failed to use any measure of reasonable care in managing the accounts. *Id.* Defendant's wire fraud department provided inaccurate information when Plaintiff reached out to report the wire fraud. *Id.* ¶ 19.

Critical transactions that were allegedly indicative of money laundering include "over $320,000 funneled into a Non-Affiliated Bank of America account labeled 'Lomeli'" ("Lomeli Account") and "unclaimed cashier's checks of over $20,000 with Bank of America." *Id.* ¶ 25. Plaintiff notified Defendant of the discovery of these funds and requested their return, but Defendant ignored the request. *Id.* As a result of Defendant's conduct, Plaintiff lost $4 million in business account funds and another $100 million "due to the crippling financial impact on Plaintiff's business, including forced closures and operational losses." *Id.* ¶ 37.

  B. <u>Procedural Background</u>

On February 26, 2025, Plaintiff filed this lawsuit in Los Angeles Superior Court asserting fourteen causes of action: (1) negligence; (2) fraud; (3) aiding and abetting; (4) misrepresentation and obstruction; (5) breach of contract; (6) conversion; (7) unjust enrichment; (8) violation of the California Consumer Privacy Act ("CCPA"); (9) violation of California Unfair Competition Law ("UCL"); (10) violation of federal identity theft laws; (11) violation of the Anti-Money Laundering Act ("AMLA"); (12) violation of the Know Your Consumer ("KYC") regulations; (13) violation of the Banking Secrecy Act ("BSA"); and (14) violation of the Electronic Fund Transfer Act ("EFTA"). *See id.* On March 28, 2025, Defendant removed the matter to this Court based on federal question and diversity jurisdiction. *See* Dkt. # 1 ("*NOR*"). On April 4, 2025, Defendant filed the instant motion to dismiss. *See MTD.* On April 19, 2025, Plaintiff filed the instant motion to remand. *See MTR.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-02726-MWC-PVC                                              Date: May 23, 2025

Title   Matthew Kenney v. Bank of America, N.A.

II.   <u>Legal Standard</u>

    A.   <u>28 U.S.C. § 1441</u>

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). The case shall be remanded to state court if at any time before final judgment it appears a removing court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). Courts strictly construe the removal statute against removal jurisdiction. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther*, 533 F.3d at 1034; *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand.").

    B.   <u>Rule 12(b)(6)</u>

To survive a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In assessing the adequacy of the complaint, the court must accept all pleaded facts as true and construe them in the light most favorable to the plaintiff. *See Turner v. City & Cnty. of S.F.*, 788 F.3d 1206, 1210 (9th Cir. 2015); *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). The court then determines whether the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, a cause of action's elements that are "supported by mere conclusory statements, do not suffice." *Id*. Accordingly, "for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-02726-MWC-PVC                                          Date: May 23, 2025

Title   Matthew Kenney v. Bank of America, N.A.

plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To plead fraud with particularity, the pleader must state the false representations' time, place, and specific content. *See Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007). The allegations "must set forth more than neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about the statement, and why it is false." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks omitted). In essence, the defendant must be able to adequately answer the fraud allegations. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). Where multiple defendants allegedly engaged in fraudulent activity, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). Rather, a plaintiff must identify each defendant's role in the alleged scheme. *See id.* at 765.

III.   Discussion

    A.   Motion to Remand

        *i.   Subject Matter Jurisdiction*

District courts have jurisdiction to adjudicate civil actions involving diversity of citizenship where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. *See* 28 U.S.C. § 1332; *Exxon Mobile Corp. v. Allapattach Services, Inc.*, 545 U.S. 546, 549 (2005) (holding federal court has diversity jurisdiction over class action where "at least one named plaintiff in the action satisfies the amount-in-controversy requirement"). The parties agree the amount in controversy requirement is met in this case. However, Plaintiff argues the case should be remanded because Defendant is a citizen of California, and, therefore, complete diversity is not satisfied.

Plaintiff, a California resident, contends that Defendant is a citizen of California because: (1) it was founded in the state, (2) it has previously been sued in California state courts, and (3) it maintains several branch offices in the state. *MTR Reply* 4:14–25. However, Plaintiff's contentions do not establish that Defendant is a citizen of California

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   2:25-cv-02726-MWC-PVC                                              Date: May 23, 2025

Title      Matthew Kenney v. Bank of America, N.A.

because "[a]ll national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. Defendant is a national bank, a "corporate entit[y] chartered not by any State, but by the Comptroller of the Currency of the U.S. Treasury." *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 306 (2006). "[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Id.* at 307. Here, Defendant's main office, as specified in its charter, is in North Carolina. *NOR* 3:17–19. Therefore, Defendant is a citizen of North Carolina.

Accordingly, the court finds diversity of citizenship and that the amount in controversy exceeds $75,000. Because this court has diversity jurisdiction over this case, the court need not address federal question jurisdiction.

  *ii.*  *Procedural Objections*

Plaintiff further argues that Defendant's removal action is procedurally defective for three reasons: (1) failure to serve Plaintiff with notice of removal, (2) failure to provide the state court with notice of removal, and (3) mischaracterization of Plaintiff's claim in the notice of removal as a "contract default" action rather than a "negligence" action. *MTR* 7:2–5.

Any defendant who seeks to remove a civil action from a state court must promptly give written notice to adverse parties and file a copy of the notice with the clerk of the state court. 28 U.S.C. § 1446. Defendant did so. Plaintiff was served with a copy of the notice of removal via U.S. Mail on the same day that it was filed with this court. *NOR* 5. Defendant filed notice the same day with the clerk of the Los Angeles Superior Court. *MTR Opp.*, Ex. A. Finally, Defendant's mischaracterization of the action in the notice of removal is not relevant to whether this court has jurisdiction, and the civil sheet is not a statutory procedural requirement. *See* 28 U.S.C. § 1446. Accordingly, Plaintiff's procedural objections are overruled.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-02726-MWC-PVC                                    Date: May 23, 2025

Title   Matthew Kenney v. Bank of America, N.A.

    B.    <u>Motion to Dismiss</u>

        i.    *Federal Statutory Claims*

        a.    *Counts Nos. 10–13*

"[W]hen deciding whether to recognize an implied cause of action, the 'determinative' question is one of statutory intent." *Ziglar v. Abbasi*, 582 U.S. 120, 133 (2017). "That is, a cause of action may now be recognized under a statute only where the language Congress used 'displays an intent to create not just a private right but also a private remedy.'" *Abcarian v. Levine*, 972 F.3d 1019, 1025 (9th Cir. 2020) (quoting *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001)). "Thus, if the statutory language "*itself* does not 'display an intent' to create 'a private remedy,' then 'a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute.'" *Id.* at 1025–26 (quoting *Ziglar v. Abbasi*, 582 U.S. 120, 133 (2017)) (emphasis in original). As discussed below, none of the federal statutes that Plaintiff asserts for Counts Nos. 10–13 convey a private right of action.

As to Count No. 10, Plaintiff claims that Defendant violated the Identity Theft Enforcement and Restitution Act of 2008 (18 U.S.C. § 1028), a criminal statute proscribing making or using false identification documents. Section 1028, however, "is a criminal statute that does not support a private right of action." *Araujo v. Legal Div. Dep't of Soc. Servs.*, No. 21-CV-1172-JAH-BGS, 2022 WL 2706106, at *4 (S.D. Cal. Jul. 12, 2022).

Furthermore, as to Count No. 11, Plaintiff avers that Defendant violated the AMLA of 2020, which amended various sections of the BSA (31 U.S.C. §§ 5311 *et seq.*). 14 Bus. & Com. Litig. Fed. Cts. § 155:43 (5th ed. 2024). But the BSA does not create a private right of action. *See Bernard & Bernard v. Wells Fargo Bank, N.A.*, No. CV 21-02871 TJH (JCx), 2021 WL 4353248, at *3 (C.D. Cal. Aug. 11, 2021); *Rejuvenating Fertility Ctr., PLLC v. TD Bank, N.A.*, No. 1:23-CV-05973 (JLR), 2025 WL 588570, at *8 (S.D.N.Y. Feb. 24, 2025). Therefore, Count No. 11 fails. It follows that Count No. 12 (violation of 12 C.F.R. § 21.21 and 31 C.F.R. § 1020.220) and Count No. 13 (31 U.S.C. § 5318(1)) must also be dismissed. The regulations in Count No. 12 implement the BSA, and Count No. 13 is part of the BSA. *See S. Shore LLC v. Wells Fargo Bank, N.A.*, No. 2:24-CV-00490-RGK-SK, 2024 WL 3513503, at *2 (C.D. Cal. Apr. 25, 2024)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-02726-MWC-PVC                                                          Date: May 23, 2025

Title      Matthew Kenney v. Bank of America, N.A.

("Plaintiffs bring claims for violations of 31 C.F.R. § 1020.220, 12 C.F.R. § 21.21, and 12 C.F.R. § 21.11, which are banking regulations implementing the [BSA] . . . BSA and its implementing regulations do not provide Plaintiffs with a private right of action.").

Accordingly, the Court **GRANTS** Defendant's motion to dismiss Counts Nos. 10–13.

      b.      *Count No. 14*

Count No. 14 alleges that Defendant violated the EFTA "by failing to protect Plaintiff, as an individual consumer engaged in electronic fund transfers (EFTs) going in and out of Bank of America accounts, from fraud by claiming Defendant's services are reliable and secure when in fact even reported fraudulent transactions go ignored." *Compl.* ¶ 105.  Unlike the other federal statutes Plaintiff asserted, the EFTA does create a private right of action for violation of its substantive provisions.  15 U.S.C. § 1693m.  However, Plaintiff does not clarify which transactions are the basis of his EFTA claim.  The EFTA applies only to electronic fund transfers from a consumer account, but Plaintiff fails to allege whether the transfers he made were from a consumer rather than a business account.  *See id.* § 1693a(2).  Above all, the Complaint does not adequately allege that Defendant committed a violation of EFTA, either via prohibition or requirement.

Accordingly, the Court **GRANTS** Defendant's motion to dismiss Count No. 14.

      ii.      *State Law Claims*

      a.      *Count No. 1: Negligence*

To state a negligence claim under California law, Plaintiff must allege: (1) a legal duty of care owed by the defendant to her, (2) a breach of that duty, and (3) proximate causation of that breach to (4) the plaintiff's injury.  *Merrill v. Navegar, Inc.*, 28 P.3d 116, 123 (Cal. 2001); *see also Steinle v. City & Cty. of San Francisco*, 230 F. Supp. 3d 994, 1019 (N.D. Cal. 2017).  "The threshold element of a cause of action for negligence is the existence of a duty to use due care toward an interest of another that enjoys legal protection against an unintentional invasion."  *Paz v. State of California*, 994 P.2d 975, 981 (Cal. 2000).  The existence of a duty is a question of law to be resolved by a court on a case-by-case basis.  *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-02726-MWC-PVC                                        Date: May 23, 2025

Title   Matthew Kenney v. Bank of America, N.A.

"Courts have generally held that banks have a limited duty of care or no duty of care beyond the duties created by the bank-depositor relationship." *Gray v. Ben*, No. CV 22-03090 DSF (PVCx), 2022 WL 16859609, at *4 (C.D. Cal. Nov. 9, 2022); *see Freedom Gold USA LLC v. Bank of Am., N.A.*, No. 2:24-CV-08360-WLH (ASX), 2024 WL 5368652, at *7 (C.D. Cal. Nov. 15, 2024) ("As a general matter, the ordinary bank-customer relationship is not a "special relationship" giving rise to tort remedies."). California law is clear that a bank is under no duty to supervise the activity of account holders or inquire into the purpose for which funds are being used. *See Das v. Bank of Am., N.A.*, 186 Cal. App. 4th 727, 741 (2010); *Hawkins v. Bank of Am., N.A.*, No. 17-cv-01954-BAS-AGS, 2018 WL 1316160, at *2 (S.D. Cal. Mar. 14, 2018) (stating that "BOA owed 'no duty to monitor fiduciary accounts for irregular transactions, to prevent improper disbursements from the accounts, or to conduct an investigation of possible misappropriation of funds'" and concluding that "Plaintiff has not and cannot plausibly plead that BOA owed a duty to initially investigate Hawkins' transfers when they were made" (citation omitted)). More generally, California law imposes no duty of care to protect a plaintiff from harm caused by third party fraud or other wrongdoing or to aid the plaintiff in mitigating or recovering from such harm. *Brown v. USA Taekwondo*, 11 Cal. 5th 204, 214–15 (2021). Banks do, however, have a duty to investigate potential fraud when the fraud is brought to their attention. *See Sun 'n Sand v. United Cal. Bank*, 21 Cal. 3d 671, 695–96 (1996) (holding that a bank has a limited duty of inquiry when a check presented for deposit bears some objective signs of fraud); *Hawkins*, 2018 WL 1316160, at *3 ("A duty of care may also arise when [an] individual notifies a bank of potential fraud occurring with respect to bank accounts." (citation omitted)).

The Complaint alleges that Defendant (1) owed a duty to Plaintiff, as Defendant's customer, "under their user agreement and public assertions of account and transaction security;" and (2) owed a duty of care to Plaintiff under state and federal banking regulations. *Compl.* ¶¶ 40–41. Defendant allegedly breached the duty by: "[a.] Failing to provide accurate, timely, and complete information to Plaintiff when requesting information on submitting claims of fraud with Bank of America; [b.] Providing inaccurate information on claim processes; [c.] Failing to implement adequate fraud detection and monitoring systems; [d.] Failing to notify Plaintiff of suspicious account activity; [e.] Failing to verify the legitimacy of the fraudulent account; [f.] Ignoring obvious red flags of fraudulent activity; [g.] Processing unauthorized transactions despite clear indications of fraud; and [h.] Failing to take corrective action when notified of fraud." *Id.* ¶ 42. As alleged, Defendant may owe a duty to plaintiff as a customer after

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-02726-MWC-PVC                                                      Date: May 23, 2025

Title       Matthew Kenney v. Bank of America, N.A.

being alerted of potential fraud.  However, the Complaint alleges (without specificity) that "[e]ven after being alerted of the fraud, Defendant failed to remove Mr. Bronfeld's contact information from many of the Plaintiff's accounts." *Id.* ¶ 18.  This factual allegation, along with the similar allegations throughout the Complaint, is conclusory and fails to provide Defendant with fair notice of Plaintiff's claim.  *See Frye v. Pfiefer*, No. 1:21-CV-01525-KES-SKO (PC), 2024 WL 4443787, at *2 (E.D. Cal. Oct. 8, 2024) (factual allegations failed to satisfy Rule 8 where plaintiff "provides no dates for the actions he vaguely alleges against [d]efendants").

Above all, Plaintiff's negligence claim appears to be foreclosed under the economic loss rule as the claim arises from an alleged contractual relationship.  *Sheen v. Wells Fargo Bank, N.A.*, 12 Cal. 5th 905, 922 (2022) ("In general, there is no recovery in tort for negligently inflicted 'purely economic losses,' meaning financial harm unaccompanied by physical or property damage." (citations omitted)).  Here, the Complaint alleges only economic loss, not any physical harm to person or property.  *Compl.* ¶¶ 37, 45.  Moreover, in *Sheen*, the Supreme Court of California stated: "Not all tort claims for monetary losses between contractual parties are barred by the economic loss rule.  But such claims are barred when they arise from – or are not independent of – the parties' underlying contracts."  12 Cal. 5th at 923.  Plaintiff explicitly refers to a user agreement to establish a duty, and therefore the Court infers that Plaintiff's negligence claim is not independent of Plaintiff's contractual claim.  *Cf. Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 991 (2004) (holding that "the economic loss rule does not bar [the plaintiff's] fraud and intentional misrepresentation claims because they were independent of [the defendant's] breach of contract").

Accordingly, the Court **GRANTS** Defendant's motion to dismiss Count No. 1.

> b.   *Counts No. 2–4: Fraud; Aiding and Abetting Fraud; and Misrepresentation and Obstruction*

A claim of common law fraud under California law includes the following elements: "(1) misrepresentation of a material fact (consisting of false representation, concealment or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to deceive and induce reliance; (4) justifiable reliance on the misrepresentation; and (5) resulting damage." *People ex rel. Harris v. Rizzo*, 214 Cal. App. 4th 921, 947 (2013) (internal quotation marks and citations omitted).  While the claim for "misrepresentation and obstruction" is not a cognizable cause of action, the Court analyzes the claim as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:25-cv-02726-MWC-PVC | Date: May 23, 2025 |
| Title Matthew Kenney v. Bank of America, N.A. | |

concealment under common law fraud. Moreover, under California law, Defendant may be held liable for aiding and abetting the tort of another. *See Austin B. v. Escondido Union Sch. Dist.*, 149 Cal. App. 4th 860, 879 (2007). "Aiding and abetting" is well understood "to imply an intentional participation with knowledge of the object to be obtained." *Lomita Land & Water Co. v. Robinson*, 154 Cal. 36, 47 (1908); *Upasani v. State Farm Gen. Ins. Co.*, 227 Cal. App. 4th 509, 519 (2014). Counts No. 2–4 are subject to Rule 9(b)'s heightened pleading standard. *See* Rule 9(b); *Cesario v. Biocept, Inc.*, No. 23-CV-1803-WQH-BLM, 2025 WL 525120, at *33 (S.D. Cal. Feb. 18, 2025) (applying Rule 9(b) to an aiding and abetting fraud claim).

Plaintiff contends that the Complaint satisfies the Rule 9(b) standard by alleging that: fraud was committed by Defendant between 2022 and 2024 by means of material misrepresentations, facilitating fraudulent transactions, and obstruction which allowed some 400 unauthorized transactions including wire transfers, ACH payments, cash withdrawals, debit card transactions, countless money transferring transactions, and Zelle transactions. *MTD Opp.* 6:9–14. However, those allegations do not adequately plead "the who, what, when, where, and how" of the purported representation(s). *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). "To allege fraud with particularity, a plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading." *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994). Here, Plaintiff's material representations are unidentified and thus particularity is lacking as to why any representations were false or misleading. In short, the complaint fails to allege "the circumstances constituting the alleged fraud . . . specific[ally] enough to give [Defendant] notice of the particular misconduct . . . so that [it] can defend against the charge and not just deny that [it has] done anything wrong." *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks and citations omitted).

Accordingly, the Court **GRANTS** Defendant's motion to dismiss Counts Nos. 2–4.

        c.     *Count No. 5: Breach of Contract*

To have a viable breach of contract claim, there must be (1) a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-02726-MWC-PVC                                         Date: May 23, 2025

Title   Matthew Kenney v. Bank of America, N.A.

damages to plaintiff.  *Coles v. Glaser*, 2 Cal. App. 5th 384, 391 (2016).  It is "absolutely essential to plead the terms of the contract either in *haec verba* or according to legal effect."  *Twaite v. Allstate Ins. Co.*, 216 Cal. App. 3d 239, 252 (1989); *see also Kaar v. Wells Fargo Bank, N.A.*, No. C 16-01290 WHA, 2016 WL 3068396, at *1 (N.D. Cal. Jun. 1, 2016) ("To claim a breach of contract in federal court the complaint must identify the specific provision of the contract allegedly breached by the defendant.").  Although a plaintiff is not required to "attach the contract or recite the contract's terms verbatim," they "must identify with specificity the contractual obligations allegedly breached by the defendant."  *Kaar*, 2016 WL 3068396, at *1 (citation omitted).

Here, Plaintiff alleges that he had a contractual relationship with Defendant, "either directly or indirectly, that required Defendant" to: (1) safeguard account integrity and prevent fraudulent activity, and (2) comply with industry regulations on fraud detection and fund security.  *Compl.* ¶ 61.  Yet, Plaintiff does not point to any terms of the contract despite referring to the "user agreement" in the Complaint when alleging negligence.  *Id.* ¶ 40.  Plaintiff contends that he does not need to identify specific provisions because Defendant breached the implied covenant of fair dealing, but that cause of action is not pleaded in the Complaint.  *MTD Opp.* 12:3–11; *see Compl.*  The Court infers that Plaintiff may be attempting to assert an implied-in-fact contract claim, but the claim still falls short.  An implied-in-fact contract claim is not sufficiently alleged where the complaint "lack[s] the specific facts required for [the Court] to determine there was any meeting of the minds between the parties."  *ABC Servs. Grp., Inc. v. United HealthCare Servs., Inc.*, No. SA CV 19-0531-DOC (DFMx), 2019 WL 4137624, at *6 (C.D. Cal. Jun. 14, 2019) (citation omitted).  That is the case here.

Accordingly, the Court **GRANTS** Defendant's motion to dismiss Count No. 5.

        d.        *Count No. 6: Conversion*

"Conversion is the wrongful exercise of dominion over the property of another. The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages.  Conversion is a strict liability tort."  *L. A. Fed. Credit Union v. Madatyan*, 209 Cal. App. 4th 1383, 1387 (2012).  Notably, "the simple failure to pay money owed does not constitute conversion."  *Voris v. Lampert*, 7 Cal. 5th 1141, 1151 (2019) (citation omitted).  Rather, claims for the conversion of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:25-cv-02726-MWC-PVC | Date: May 23, 2025 |
| Title  Matthew Kenney v. Bank of America, N.A. | |

money can only be stated where a "a defendant interferes with the plaintiff's *possessory interest* in a specific, identifiable sum." *Id.* (emphasis in original).

The Complaint alleges that Defendant wrongfully exercised control over Plaintiff's personal property and Defendant's "repeated failure to promptly remit recovered funds, including funds that were returned following Plaintiff's personal ACH claims, constitutes a continuing breach of its obligations." *Compl.* ¶¶ 65–66. Plaintiff claims that Defendant retained control over funds that were traceable to Plaintiff "such as disputed transactions, unclaimed cashier's check, all of which are to be identified more specifically in discovery." *MTD Opp.* 11:6–11. Plaintiff asserts that "over $20,000" in unclaimed cashier's checks and "over $320,000" were funneled to the Lomeli Account. *Id.* ¶ 25.

Though "generous," Rule 8(a) "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79. As to the "over $320,000," it is not clear whether such funds were initial deposits by Plaintiff. "As a matter of law, a bank owns the funds deposited in it." *Trabulsi v. Wells Fargo Bank, Nat'l Ass'n*, Case No. 8:17-cv-02088 JLS (SK), 2018 WL 6444897, at *4 (C.D. Cal. Nov. 16, 2018). "California law is well-settled in this area that a claim against the bank for conversion will not lie. Because title to a deposit passes immediately to the bank upon deposit, a depositor has no conversion claim against a bank under California law." *Chavez v. Bank of Am. Corp.*, No. C-10-0653 JCS, 2012 WL 1594272, at *11 (N.D. Cal. May 4, 2012); *see also Crocker-Citizens Nat. Bank v. Control Metals Corp.*, 566 F.2d 631, 637 (9th Cir. 1977) (the relationship between a bank and its depositor is one of debtor and creditor, the depositor's remedy lies in contract, not tort). As to the "over $20,000" in unclaimed cashier's checks, the factual allegations within the Complaint do not establish ownership or right to possession (i.e., whether Plaintiff purchased the cashier's checks, was their payee, endorsee, holder, or otherwise owned or had the right of possession to them). Moreover, the Complaint fails to identify a specified sum as evidenced by Plaintiff's use of the term "over." *See Vu v. Cal. Commerce Club, Inc.*, 58 Cal. App. 4th 229, 231, 235 (1997) (rejecting conversion claim where the plaintiff could not identify specific sum but only approximate monetary losses). Because the Complaint "fails to identify the converted property and [Plaintiff's] ownership or right to possess such property[,] [Defendant's] wrongful act or disposition of property rights and [Plaintiff's] damages are unidentifiable." *Vega v. JPMorgan Chase Bank, N.A.*, 654 F. Supp. 2d 1104, 1121 (E.D. Cal. 2009).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. | 2:25-cv-02726-MWC-PVC                                      Date: May 23, 2025 |
| Title | Matthew Kenney v. Bank of America, N.A. |

Accordingly, the Court **GRANTS** Defendant's motion to dismiss Count No. 6.

    e.  *Count No. 7: Unjust Enrichment*

There is no separate cause of action for unjust enrichment under California law; instead, unjust enrichment describes "the result of a failure to make restitution under circumstances where it is equitable to do so." *Melchior v. New Line Products, Inc.*, 106 Cal. App. 4th 779, 793 (2003) (quoting *Lauriedale Associates, Ltd. v. Wilson,* 7 Cal. App. 4th 1439, 1448 (1992)). Unjust enrichment is "synonymous with restitution," and an action seeking recovery for unjust enrichment is an action for restitution. *See Dinosaur Development, Inc. v. White,* 216 Cal. App. 3d 1310, 1314 (1989). "[A] claim for unjust enrichment or restitution is properly pled as a claim for a contract implied-in-law." *Tristan v. Bank of Am.*, No. 2:20-cv-1183, 2023 WL 4417271, at *13 (C.D. Cal. Jun. 28, 2023). It "does not lie when an enforceable, binding agreement exists defining the rights of the parties." *Id.*

Here, the subject matter of Plaintiff's unjust enrichment claim appears to be governed by the same contract as the breach of contract claim. Although Plaintiff has not sufficiently pleaded a breach of contract claim at this juncture, "Plaintiff cannot rely on a separate, duplicative cause of action for unjust enrichment." *Sunbelt Rentals, Inc. v. Three Bros. Elec. Contractors, Inc.*, No. 1:21-cv-01357 JLT SKO, 2023 WL 2575780, at *5 (E.D. Cal. Mar. 20, 2023). Plaintiff contends that his unjust enrichment claim is based on Defendant's failure to abide by consumer financial laws that entitles him to relief under 12 U.S.C. § 5565. *MTD Opp.* 10:10–18. However, even if the Complaint alleged such (it does not), Section 5565 does not permit any private right of action and prescribes relief to the Consumer Financial Protection Bureau as part of its enforcement powers. *See* 12 U.S.C. § 5565.

Accordingly, the Court **GRANTS** Defendant's motion to dismiss Count No. 7.

    f.  *Count No. 8: CCPA*

The CCPA provides a limited civil remedy for any "consumer whose nonencrypted and nonredacted personal information . . . is subject to an unauthorized access and exfiltration, theft, or disclosure as a result of the business's violation of the duty to implement and maintain reasonable security practices." *Shah v. Cap. One Fin. Corp.*, No. 24-cv-5985, 2025 WL 714252, at *8 (N.D. Cal. Mar. 3, 2025) (quoting Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-02726-MWC-PVC                                                           Date: May 23, 2025

Title   Matthew Kenney v. Bank of America, N.A.

Civ. Code § 1798.150(a)(1)).  Subdivision (c) of the same statute provides: "The cause of action established by this section shall apply only to violations as defined in subdivision (a) and shall not be based on violations of any other section of this title.  Nothing in this title shall be interpreted to serve as the basis for a private right of action under any other law."  Cal. Civ. Code § 1798.150(c).

The Complaint does not allege facts constituting a CCPA violation.  It avers that "Defendant unlawfully mishandled Plaintiff's personal and financial information, violating the [CCPA] and exposing Plaintiff to identity theft," but those allegations do not support an actionable claim.  Compl. ¶ 76; *see Danfer-Klaben v. JPMorgan Chase Bank, N.A.,* No. 2:12-cv-62, 2022 WL 3012528, at *7 (C.D. Cal. Jan. 24, 2022) (dismissing CCPA claim where plaintiff failed to allege that defendant's disclosures to third parties was the result of a failure to "to implement and maintain reasonable security measures").  The Complaint further alleges that Defendant denied Plaintiff's request for information that "the embezzler" had used, which also falls short.  Compl. ¶ 78; *see McCoy v. Alphabet, Inc.*, No. 20-CV-05427-SVK, 2021 WL 405816, at *8 (N.D. Cal. Feb. 2, 2021) (dismissing claim where "there are no allegations of a security breach").  Plaintiff fails to address Defendant's challenge to the CCPA claim.  *See MTD Opp.*

Accordingly, the Court **GRANTS** Defendant's motion to dismiss Count No. 8.

g.   *Count No. 9: UCL*

The UCL prohibits unfair competition, which includes any "unlawful, unfair, or fraudulent business act or practice" that causes the person asserting a claim to have "suffered injury in fact" and "lost money or property."  Cal. Bus. & Prof. Code §§ 17200, 17204.  "Unlawful," "unfair," and "fraudulent" are recognized as three separate and distinct theories of liability under the UCL.  *S. Bay Chevrolet v. Gen. Motors Acceptance Corp.*, 72 Cal. App. 4th 861, 885 (1999).

"The unlawful prong of the UCL borrows violations from other statutes or common-law causes of action and means anything that can properly be called a business practice and that at the same time is forbidden by law."  *Anderson v. PHH Mortg.*, No. SACV 12-01192-CJC-(RNBx), 2012 WL 4496341, at *4 (C.D. Cal. Sept. 28, 2012) (internal quotation marks and citations omitted).  "Under the UCL's unfairness prong, courts consider either: (1) whether the challenged conduct is tethered to any underlying constitutional, statutory or regulatory provision, or that it threatens an incipient violation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-02726-MWC-PVC                                                            Date: May 23, 2025

Title         Matthew Kenney v. Bank of America, N.A.

of an antitrust law, or violates the policy or spirit of an antitrust law; (2) whether the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers; or (3) whether the practice's impact on the victim outweighs the reasons, justifications and motives of the alleged wrongdoer." *Doe v. CVS Pharmacy, Inc.*, 982 F.3d 1204, 1214–15 (9th Cir. 2020) (citations omitted) (cleaned up).  A "fraudulent" business act or practice is one in which members of the public are likely to be deceived. *Rockridge Tr. v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1165 (N.D. Cal. 2013).

      To the extent Plaintiff predicates his UCL claim on the same acts alleged in the other claims (and because those claims failed), the UCL claim must be dismissed because the plaintiff has not adequately alleged any predicate unlawful acts.  *See Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1182 (9th Cir. 2003).  In pleading the UCL claim, the Complaint alleges: "Defendant promised Plaintiff and all other customers 'commitment' to client care as well as a public assertion as to the safety of funds within its financial institution.  Defendant neglected these assertions in favor of turning a blind eye to the fraud taking place within their accounts." *Compl*. ¶ 82.  However, Defendant's assertions constitute non-actionable puffery.  *See Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 973–74 (N.D. Cal. 2008) (dismissing UCL and FAL claims based on "generalized and vague statements of product superiority"), aff'd, 322 F. App'x 489 (9th Cir. 2009); *Scilex Pharms. Inc. v. Sanofi-Aventis U.S. LLC*, No. 21-CV-01280-JST, 2022 WL 20286688, at *4 (N.D. Cal. Feb. 24, 2022) ("Examples of puffery include representations that 'less is more'; that a defendant provides the 'best technology' and 'better customer service' than its competitors; that a product is 'the best' in the world; that a car manufacturer 'has its best quality ever'; and that a mortgage broker offers' the best mortgage rate possible for [a borrower's] home.'" (citations omitted)).  Moreover, the Complaint forwards that Defendant did not mitigate Plaintiff's harm by freezing accounts for investigation or reversing fraudulent transactions, as well as implementing minimal security measures that would have identified fraud.  *Compl*. ¶¶ 83–84.  These allegations are not sufficient to allege unlawful or fraudulent business practices, and Plaintiff fails to invoke any "unfair" practice test as laid out above.

      Defendant argues that Count No. 9 should also be dismissed because the Complaint does not allege entitlement to injunctive relief or restitution, the only two remedies available in a private UCL action.  *MTD* 18:20–25.  While not apparent at this juncture, the Court flags that Plaintiff's UCL claim (if viable on amendment) may be barred if he has an adequate remedy at law.  *See Slick v. CableCom, LLC*, No. 22-CV-03415-JSC, 2022 WL 4181003, at *3 (N.D. Cal. Sept. 12, 2022) ("[P]laintiff could not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-02726-MWC-PVC                                                    Date: May 23, 2025

Title   Matthew Kenney v. Bank of America, N.A.

bring a UCL claim as he had an adequate remedy at law."); *see also, e.g.*, *McAdam v. State Nat. Ins. Co.*, No. 12cv1333 BTM(MDD), 2012 WL 4364655, at *3 (S.D. Cal. Sept. 24, 2012) (dismissing UCL claim with prejudice "[b]ecause Plaintiff has an adequate legal remedy in the form of his breach of contract claim and does not have a legitimate claim for injunctive relief or restitution").

Accordingly, the Court **GRANTS** Defendant's motion to dismiss Count No. 9.

IV.   Leave to Amend

Whether to grant leave to amend rests in the sound discretion of the trial court. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Courts consider whether leave to amend would cause undue delay or prejudice to the opposing party, and whether granting leave to amend would be futile. *See Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Generally, dismissal without leave to amend is improper "unless it is clear that the complaint could not be saved by any amendment." *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). The Court finds no undue delay or prejudice, and it is not obvious that Plaintiff's claims will necessarily be futile as to all of Plaintiff's claims except Counts Nos. 10–13. Accordingly, the Court **GRANTS** leave to amend Counts No. 1–9 and 14.

V.   Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's motion to remand. The Court further **GRANTS WITH PREJUDICE** Defendant's motion to dismiss as to Counts No. 10–13, but **GRANTS WITHOUT PREJUDICE** the motion as to the remaining counts. Plaintiff must file any amended complaint no later than **June 13, 2025**. Failure to file an amended complaint by that date will result in dismissal of this action with prejudice.

**IT IS SO ORDERED.**

:
Initials of Preparer   T.J.